IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

LOTUS JUSTICE,

        Petitioner,   :   Case No. 2:21-cv-3584

- vs -   District Judge Sarah D. Morrison
   Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

   :

        Respondents.

## REPORT AND RECOMMENDATDIONS

This habeas corpus case, brought *pro se* by Petitioner Lotus Justice, is before the Court on Respondent's Motion to Dismiss the Petition for lack of exhaustion of state court remedies (ECF No. 13).  Petitioner opposes the Motion (ECF No. 16).

Respondent's Motion shows that Petitioner is in the custody of Twin Valley Behavioral Healthcare upon a finding by The Honorable David Young, Judge of the Franklin County Court of Common Pleas, that Petitioner, indicted under the name Monica Justice, is not competent to stand trial for the serious felony offenses on which she has been indicted, but may become competent if provided with a course of treatment.  Respondent's Motion further shows that Petitioner has appealed her commitment for treatment to the Franklin County Court of Appeals but that court has not yet decided the appeal.  Furthermore Petitioner has not yet been tried on the underlying charges.

Petitioner begins her opposition by arguing that the State has not yet complied with this Court's Order to Show Cause (ECF No. 4) because it has not yet shown good cause for her arrest, indictment, and other aspects of her prosecution (Petitioner's Reply, ECF No. 16, PageID 337-38). Petitioner deploys the concept of "fruit of the poisonous tree" to complain that everything from the allegedly unlawful probate order forward is invalid.

From Petitioner's lengthy filing and the attachments, it appears that Judge Young found her incompetent to stand trial and ordered her committed for treatment to restore competency. Petitioner appealed from that order to the Tenth District Court of Appeals in Case No. 21AP-253. In its Appellee Brief in that case, the State apparently concedes that the commitment order is appealable (Petitioner's Reply, ECF No. 16-6, PageID 403, *et seq.*) There is no indication in Petitioner's papers that the Tenth District has reached a decision in that case. Therefore at least that state court remedy for Petitioner's current confinement has not been exhausted.

Petitioner relies in general on what she understands to be the common law writ of habeas corpus. But federal courts do not have authority under the common law to issue the writ. Since the earliest days of the Republic, the Supreme Court has held that "the power to award the writ [of habeas corpus] by any of the courts of the United States, must be given by written law," not common law. *Hueso v. Barnhart*, 948 F.3d 324, 326-327 (6th Cir. 2020), quoting *Ex parte Bollman*, 8 U.S. 75, 94, 2 L. Ed. 554 (1807). Section 2241, which allows courts to grant "[w]rits of habeas corpus," dates to the Judiciary Act of 1789[1]. *Id.* citing *McCleskey v. Zant*, 499 U.S. 467, 477-78, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270,

---

[1] This statute is cited by Petitioner several times in the course of her Reply, so the Magistrate Judge assumes she is familiar with it, at least generally.

275 (1971).

In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990). Of course prior to these remedies are all of the remedies associated with the trial itself which has not yet happened nor can it happen until Petitioner is competent to stand trial. The Magistrate Judge fully understands that Petitioner believes she is fully competent to stand trial at present and has indeed complained about the fact that she has not yet been brought to trial. But at least so long as the Tenth District Court of Appeals has not reversed it, this Court is bound by Judge Young's factual determination that Petition is not competent. From reviewing Petitioner's filings in this case and her statements at arraignment, this Court cannot say that Judge Young's finding is an unreasonable determination of the facts. In the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc). Here, of course, the State has raised the defense.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed without prejudice for lack of exhaustion of available state court remedies. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to

the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 13, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #