IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

LOTUS JUSTICE,

        Petitioner,   :  Case No. 2:21-cv-3584

- vs -       District Judge Sarah D. Morrison
              Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                              :

        Respondents.

## DECISION AND ORDER DENYING MOTION FOR WRIT OF MANDAMUS UPON RECONSIDERSATION

This habeas corpus case, brought *pro se* by Petitioner Lotus Justice, is before the Court on Petitioner's Petition for Reconsideration of the Court's Order denying her request for a writ of mandamus ordering the State of Ohio to produce "the bill of particulars" in the underlying felony case (ECF No. 29). Because the order denying the writ is interlocutory, the Court has authority to reconsider it.

The Court denied the writ in the following language:

> The Motion can be read in one of two ways. If a bill of particulars has already been created in the case and Petitioner is merely seeking a copy, mandamus is not the proper remedy. Instead, Petitioner could file in this habeas case a request for discovery seeking a copy of that document. On the other hand, if no bill of particulars yet exists in that case, Petitioner may move the Franklin County Court of Common Pleas to require the State to create a bill of particulars.
>
> In either case mandamus is not the proper remedy and the Motion is DENIED.

1

(ECF No. 25, PageID 567).

Petitioner does not clarify in her Motion for Reconsideration the principal question posed by the Magistrate Judge's Order: is she seeking a copy of a bill of particulars which already exists in the Common Pleas Court case or seeking an order from this Court that the State create a bill of particulars? Petitioner has still not said which it is. Nor has she shown that mandamus is the proper remedy, regardless of which it is.

Petitioner's principal complaint is that the Order did not address her request for a writ of mandamus to produce the warrant for her arrest which resulted in her being arrested on July 21, 2020 (ECF No. 29). But Petitioner made no such request; the referenced arrest warrant is not mentioned in the request for mandamus. Had it been, the Magistrate Judge's response would have been the same: mandamus is not the proper remedy to obtain the arrest warrant.

Having reconsidered as requested Petitioner's Motion for a writ of mandamus, the Magistrate Judge adheres to his prior decision.

September 24, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
