IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

LOTUS JUSTICE,

    Petitioner,  : Case No. 2:21-cv-3584

 - vs -       District Judge Sarah D. Morrison
           Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

           :

    Respondents.

## DECISION AND ENTRY RESPONDING TO REQUEST FOR CLARIFICATION

  This habeas corpus case, brought *pro se* by Petitioner Lotus Justice, is before the Court on Petitioner's "Petition for Clarification from the Clerks of the 'Courts' (ECF No. 31).

  Petitioner notes that she has received mail in this case with two different return addresses: 85 Marconi Boulevard, Columbus, Ohio 43215 (e.g. Ex. A) and 200 West Second Street, Dayton, Ohio 45402 (Exhibit B). She asks for clarification of what jurisdictional grant the Court or Courts are operating under, pursuant to *Mookini v. United States*, 303 U.S. 201 (1938), and particularly whether this is a constitutional court created under Article III of the Constitution or a legislative court created under Article IV.

  The question posed is a question of law which the Clerk is not authorized to answer on behalf of the Court. Accordingly, the assigned Magistrate Judge provides the following clarification.

1

Article III of the Constitution provides that "[t]he judicial Power of the United States, shall be vested in pone supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." When Ohio became a State in 1803, Congress established one judicial district for the entire State. At the end of the Civil War Congress divided the State roughly in half into the Northern and Southern Districts, legislation now codified at 28 U.S.C. § 115. Franklin County, where Petitioner is confined, is in the Southern District, so her habeas corpus petition is properly filed in this judicial district.

The United States District Court for the Southern District of Ohio is a constitutional court, "ordained and established" by Congress in the cited legislation. It has one Clerk, Richard Nagel, who has deputy clerks working in each of the three locations of Court in Cincinnati, Columbus, and Dayton. The Columbus location of Court is housed in the Joseph W. Kinneary Building at 85 Marconi Boulevard and the Dayton location of Court is housed in the Walter H. Rice Federal Building and United States Courthouse at 200 West Second Street. Since the Court operates on a unified electronic docket, deputy clerks at any location of Court are able to docket filings in any case.

*Mookini* involved an appeal from the territorial courts established by Congress for the Territory of Hawaii[1]. The case had been tried in a territorial court for a crime committed under the United States Criminal Code. The question before the Supreme Court of the United States was whether the Criminal Appeals Rules, adopted by the Supreme Court under a 1934 Act of Congress, applied to appeals from the territorial courts of Hawaii; the Supreme Court held that they did not.

---

[1] The Court takes judicial notice that Hawaii was admitted as the fiftieth State of the Union in 1960.

*Mookini* has no application to this case. This Court is not now and never has been a territorial court created under Article IV. Indeed, Ohio has not been a territory governed under Article IV since it was admitted to the Union in 1803.

September 27, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge