# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

LOTUS JUSTICE,

                    Petitioner,              :     Case No. 2:21-cv-3584

   - vs -                                       District Judge Sarah D. Morrison
                                            Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                                     :

                    Respondents.

---

# DECISION AND ORDER DENYING MOTION FOR CHANGE OF VENUE AND RESPONDING TO ASSERTION OF DISQUALIFICATION

---

This habeas corpus case, brought *pro se* by Petitioner Lotus Justice, is before the Court on Petitioner's Response of Magistrate's Decision and Order Denying En Banc Reconsideration or Writ of Certiorari; Notice of Bias and Prejudice; Reply to En Banc Denial, Notice of Bias and Prejudice ("Response," ECF No. 44) and her Reply Contra Magistrate's Decision and Entry Responding to Request for Clarification [and] Demand for Change of Venue ("Reply," ECF No. 45).

In large part the Response consists of asserting errors of law by the Magistrate Judge, either due to incompetence or willful obstruction of Petitioner's case. The remedy for legal error by a Magistrate Judge in ruling on a non-dispositive pretrial matter is by objection to the assigned District Judge. Fed.R.Civ.P. 72(a).

1

On the other hand, an assertion that a federal judge is disqualified from hearing a case because of bias and prejudice is addressed in the first instance to the accused judge.

**Legal Standard for Disqualification of a Judge**

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). Review is for abuse of discretion. *Wheeler,* 875 F.2d at 1251. Where the question is close, the judge must recuse himself. *Roberts v. Bailar,* 625 F.2d 125, 129 (6th Cir. 1980).

§ 455(a) requires disqualification in any proceeding in which a judge's impartiality might reasonably be questioned. "This statute embodies the principle that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" *Ligon v. City of New York (In re Reassignment of Cases)*, 736 F.3d 119, 123 (2nd Cir. 2013), *vacated on other grounds* 743 F.3d 362 (2nd Cir. 2014), quoting *In re Murchison*, 349 U.S. 133, 136 (1955).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion

on the merits on some basis other than what the judge learned from his participation in the case."

*United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted).  The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice.  Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion.  See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard).  The *Liteky* Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555. Since the decision in Liteky, supra, "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases."  Flamm, Judicial Disqualification 2d § 25.99, citing In re Antar, 71 F.3d 97 (3rd Cir. 1995),

overruled on other grounds *Smith v. Berg*, 247 F.3d 532, 534 (3rd Cir. 2001).

**Application**

The undersigned is not personally biased or prejudiced against the Petitioner in this case. I have no knowledge of her except what is set forth in the filings in this case. I have applied the law as I understand it to the case. I decline to recuse myself from further participation in this case.

**Demand for Change of Venue**

In her Demand for Change of Venue, Petitioner advances the theory that The United States District Court for the Southern District of Ohio at Columbus where she filed this case is only a territorial court. She demands that her case be transferred to the District Court for the United States at Dayton. As has been explained to Petitioner, there is one constitutional Article III court for the Southern District of Ohio with seats in Cincinnati, Columbus, and Dayton. This case is already in an Article III court. Petitioner's demand for change of venue is DENIED.

October 18, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge