UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOTUS JUSTICE,

        Petitioner,    :    Case No. 2:21-cv-3584

- vs -    District Judge Sarah D. Morrison
    Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

    :

        Respondents.

## OPINION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Lotus Justice, is before the Court on Petitioner's Objections (ECF No. 37) to the Magistrate Judge's Report and Recommendations (ECF No. 21) and Petitioner's Motion for Certificate of Appealability (ECF No. 27). A litigant affected by an adverse report of a Magistrate Judge is entitled to *de novo* review by a District Judge of those portions of the report to which substantial objection is made. The Court has conducted that review and this Opinion embodies the results of that review.

Petitioner stands committed to the custody of the Twin Valley Behavioral Center on order of the Franklin County Court of Common Pleas that she be treated to restore her competency to stand trial on serious felony charges pending against her in that court. She appealed that order to the Ohio Tenth District Court of Appeals

1

and that appeal remains pending. Based on that state of facts, the State moved to dismiss the instant habeas petition for lack of exhaustion of state court remedies (ECF No. 13) and the Magistrate Judge agreed (Report, ECF No. 21)

Petitioner objects at length (ECF No. 37, comprising with exhibits seventy-seven pages). Petitioner complains of actions of the Franklin County Sheriff's deputies on July 21, 2020, to arrest her on a civil commitment order. At present, however, she is not in custody on that order, but on a commitment for mental health treatment to restore her to competency to stand trial on the charges arising from her resistance on July 21, 2020.

Petitioner continues to insist that this Court has common law authority to issue a writ of habeas corpus. The Magistrate Judge disagreed, relying on *Ex parte Bollman*, 8 U.S. 75, 94, 2 L. Ed. 554 (1807). Petitioner reads Bollman very differently from the Magistrate Judge to the point of suggesting he has not read the case. However, as the Report points out, the Sixth Circuit has just last year read *Bollman* in the same way in *Hueso v. Barnhart*, 948 F.3d 324, 326-327 (6th Cir. 2020).

Petitioner objects to the Magistrate Judge's granting the Attorney General sixty days to respond to the show cause order, instead of the three days provided in 28 U.S.C. § 2243. However, Rule 4 of the Rules Governing Habeas Corpus Cases provides the Court with discretion to set an answer date and the use of a sixty-day period is common with habeas corpus cases filed in this District at every location of court.

Petitioner complains that the Magistrate Judge substituted the Director of the

2

Twin Valley Behavioral Center as Respondent. However, the remedy of habeas corpus must be directed to the person having actual custody of a petitioner as a matter of personal jurisdiction. Relying on the "fruit of the poisonous tree" doctrine, Petitioner insists that the State of Ohio and the Franklin County Sheriff are "real parties in interest" in this case. Whatever causes of action Petitioner may have against those persons, they are not proper parties in this habeas case because they do not have custody of the Petitioner.

Petitioner asserts that the exhaustion doctrine is "an admiralty law requirement" and is unconstitutional under *Bollman, supra* (Objections, ECF No. 37, PageID 682). To the contrary, the exhaustion doctrine is imposed by statute (28 U.S.C. § 2254(b)(1)) and has been repeatedly upheld by the Supreme Court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). She admits that her appeal to the Tenth District Court of Appeals is not complete (Objections, ECF No. 37, PageID 684).

Petitioner asserts that the Magistrate Judge has committed errors of law which deprive him of jurisdiction and render the Report and Recommendations moot (Objections, ECF No. 37, PageID 687).On the contrary, a Magistrate Judge's errors of law do not render a report and recommendations moot or deprive the Magistrate Judge of jurisdiction. Rather, the remedy for errors of law in a report is by way of objection.

Having reviewed the Magistrate Judge's Report and Recommendations de novo, the Court concludes the Report does not make erroneous findings of fact and is correct on the law. Accordingly, the Report is ADOPTED and Petitioner's Objections

3

are OVERRULED. The Clerk will enter judgment dismissing the Petition without prejudice for lack of exhaustion. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

       /s/ Sarah D. Morrison
       Sarah D. Morrison
       United States District Judge